(C. D. 1934)

IMPERIAL INTERNATIONAL CORP. *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 7, 1957)

*Charles M. Siegfried* (*Charles M. Siegfried* and *William Sardell* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge:   The merchandise the subject of these protests consists of knife handles which were classified by the collector of customs under the provision in paragraph 1539 (b) of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, for—

Manufactures wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent, including manufactures wholly or in chief value of any of the laminated products provided for in paragraph 1539 (b), Tariff Act of 1930, * * *

with consequent assessment of duty at the rate of 25 cents per pound and 20 per centum ad valorem.

The protest claim is for duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412 of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the Annecy Protocol to the General Agreement on Tariffs and Trade, T. D. 52373, for—

Manufactures * * * of which wood * * * is the component material of chief value not specially provided for:

*     *     *     *     *     *     *

Other [than certain named manufactures].

An alternative claim for duty under the nonenumerated manufactured articles provision in paragraph 1558 was permitted to be made at the time of trial.

It is quite obvious that the plaintiff's case is based upon a theory that the determination of the issue hinges upon the component material of chief value of the handles in issue, and that the plaintiff contends that such component material of chief value was wood.

On the other hand, it is quite obvious from the brief filed on behalf of the defendant that the latter primarily supports the classification of the collector on the theory that the articles at bar are—

Manufactures wholly or in chief value of any product of which any synthetic resin or resin-like substance is the chief binding agent * * *,

but, in the event that such classification be held to be erroneous, it is contended that the merchandise finds proper classification under the provision in paragraph 1539 (b) of the said act, as modified by the Presidential proclamation relating to the General Agreement on Tariffs and Trade, T. D. 51802, for—

Laminated products (whether or not provided for elsewhere in the Tariff Act of 1930 than in paragraph 1539 (b)) of which any synthetic resin or resin-like

substance is the chief binding agent, in rods, tubes, blocks, strips, blanks, or other forms * * *,

with duty assessment at the rate of 25 cents per pound and 20 per centum ad valorem.

The facts are not in dispute. The record evidence shows that the merchandise at bar was manufactured with the use of two materials, i. e., veneers of wood and synthetic resin. The wood veneers came to the factory of the manufacturer in large sheets, which were first cut to a size from which 10 knife handles would ultimately be made. The veneers were then impregnated with the resin, and 26 sheets of the impregnated veneers where placed on top of one another and the pile placed in a press and subjected to heat and pressure. The press apparently contained dies or molds in the shape of knife handles, and, as a result of the application of heat and pressure, the resin was released and activated, and the layers of veneer were bound together and shaped into the form of knife handles.

The article that emerged from the press is before us as plaintiff's collective exhibit 1. It consists of 10 knife handles in an obviously unfinished condition. There is a thin film of what is apparently hardened resin which joins together some of the 10 handles which make up the collective exhibit, but it appears that, before importation, that excess resin is trimmed off. Apparently, nothing further is done to them prior to importation, and it seems clear from an examination of plaintiff's collective exhibit 5, consisting of three knives with handles of the type of those at bar, offered as representative of the ultimate use to which such handles are put, that a considerable amount of work remains to be done on the imported articles before they can be used as knife handles.

The 10 knife handles which constitute collective exhibit 1 show the grain of the wood veneer, and, both by physical examination of the exhibit and by the oral evidence which was offered at the trial, it is clear that they are made by a process of lamination, using the wood veneers as the laminations or layers and the synthetic resin to bind the layers together.

We think there can be no question, therefore, that the articles at bar are properly classifiable under those provisions of paragraph 1539 (b) covering laminated products having a synthetic resin or resinlike binder, or manufactures of such laminated products. The provision under which the collector classified the merchandise, and for which classification the defendant primarily contends, obviously was intended to cover manufactures of nonlaminated products, and in the case of Swiss Manufactures Association, Inc. and Rohner, Gehrig & Co., Inc., et al. v. United States, protests 221109–K, etc., 39 Cust. Ct. 227, C. D. 1933, decided concurrently herewith, was held to be

limited to those manufactures which are wholly or in chief value of molding compounds having a filler such as wood flour, cotton linters, and the like, and a synthetic resin or resinlike substance as the chief binding agent. The articles at bar are not made with the use of such products, but with laminated material bound together by synthetic resin, precisely as described by the statute.

The plaintiff's claim is based upon the theory that the merchandise is properly classifiable according to its component material of chief value, and to that end the plaintiff has offered evidence tending to establish that the wood veneers were the component material of chief value in the imported articles. Whether or not the component material of chief value of the knife handles was wood or resin, however, we are satisfied that classification must take place under paragraph 1539 (b), *supra.*

Paragraph 1539 (b), as originally enacted, read as follows:

(b) Laminated products (whether or not provided for elsewhere in this Act) of which any synthetic resin or resin-like substance is the chief binding agent, in sheets or plates, 25 cents per pound and 30 per centum ad valorem; in rods, tubes, blocks, strips, blanks, or other forms, 50 cents per pound and 40 per centum ad valorem; manufactures wholly or in chief value of any of the foregoing, or of any other product of which any synthetic resin or resin-like substance is the chief binding agent, 50 cents per pound and 40 per centum ad valorem.

Each of the rates specified in the foregoing paragraph has been modified by Presidential proclamation under the Trade Agreements Act or extensions thereof.

When the paragraph, as originally enacted, is analyzed, it will be seen that it made provision for three classes of articles, viz:

(1) Laminated products (whether or not provided for elsewhere in the tariff act),

(2) Manufactures wholly or in chief value of such laminated products, and

(3) Manufactures wholly or in chief value of any other (i. e., nonlaminated) product of which any synthetic resin or resin-like substance is the chief binding agent.

It will, therefore, be noted that provision was made for laminated products as a material, and for manufactures wholly or in chief value of that material. In providing for laminated products as a material Congress used the expression "(whether or not provided for elsewhere in this Act)." Such an expression constitutes language of an "invading" character, and "Every paragraph [of the tariff act] * * * must yield to that language" (*Kayser & Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 474, T. D. 41367).

Consequently, if the imported merchandise is, in fact, a laminated product material, even if it were composed in chief value of wood, it would, nevertheless, take classification under paragraph 1539 (b),

*supra,* as claimed by the defendant, rather than under paragraph 412, as claimed by the plaintiff.

Inasmuch as the imported merchandise is the direct result of the forming process, we are of the opinion that its correct classification is under the provision in paragraph 1539 (b), *supra,* for forms, other than those specified, of laminated products of which synthetic resin is the chief binding agent.

The same result would obtain, however, if the merchandise were held to be a manufacture wholly of such laminated product, provided for in paragraph 1539 (b), rather than the laminated product itself. In such case, the competing provisions, i. e., manufactures wholly of laminated products and manufactures in chief value of wood, would be of equal specificity, except that the latter provision contains a "not specially provided for" clause, while the former does not, and, hence, would control the classification.

Inasmuch as in any case the merchandise is enumerated in the tariff act, the claim under the nonenumerated manufactured articles provision in paragraph 1558 cannot be sustained.

For the foregoing reasons, the claims made in each of the protests enumerated in the protest schedule attached to this decision are overruled. Judgment will issue accordingly.